IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o SHAWN SCOTT; and IN-BALANCE HEALTH, LLC a/s/o SHAWN SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA INSURANCE COMPANY; UNITED PARCEL SERVICE OF AMERICA, INC.; ABC Corp. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendants. | CIVIL ACTION NO.:<br><br>12-cv-03684 DRD-MAS |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
ON BEHALF OF DEFENDANTS AETNA LIFE INSURANCE COMPANY
AND UNITED PARCEL SERVICE OF AMERICA, INC.**

Defendants Aetna Life Insurance Company (pleaded as "Aetna Insurance Company") (hereinafter referred to as "Aetna") and United Parcel Service of America, Inc., (hereinafter referred to as "UPS"), (collectively referred to as "Defendants"), by way of answer to Plaintiffs' Complaint in the above-captioned matter, state as follows:

1. It is admitted that Montvale Surgical Center, LLC is an entity located in Montvale, New Jersey. With respect to the balance of the allegations of this paragraph, this party has insufficient information to admit or deny the allegations and therefore, same are denied and Plaintiffs are left to their proofs.

2. It is admitted that In-Balance Health, LLC is an entity located in Montvale, New Jersey. With respect to the balance of the allegations of this paragraph this party has insufficient information to admit or deny, therefore said allegations are denied and Plaintiffs are left to their proofs.

3. With respect to the allegations of paragraph 3 of Plaintiffs' Complaint, United Parcel Services of America, Inc. is a holding company and plan sponsor for UPS employee benefit plan and is located at Glenlake Parkway NE, Atlanta, Georgia. Except as so admitted, denied.

4. Denied as stated. United Parcel Services of America, Inc.'s a wholly owned subsidiary of United Parcel Services, Inc., a publicly traded corporation.

5. It is admitted that UPS maintains a self-funded Group Health Benefit Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* on behalf of employees.

6. Denied as stated. It is admitted that S.S. was an enrollee in the self-funded Group Health Benefit Plan of UPS for which Aetna provided claims administration.

7. Denied as stated. In the context of this action Aetna Life Insurance Company serves as claims administrator for the self-funded Group Health Benefit Plan of UPS, which claims administration is conducted pursuant to the terms, conditions and limitations of the Group Health Benefit contract. Except as so admitted, the balance of the allegations of this paragraph are denied.

8. This party has insufficient information to admit or deny the allegations of this paragraph and therefore, said allegations are denied.

9. It is admitted that UPS created a self-funded Group Health Benefit Plan for employees and eligible dependents for which Aetna Life Insurance Company provides claims administration. That Group Health Benefit Plan was created pursuant to the terms and provisions of the Employment Retirement Income Security Act of 1973 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

10. This party has insufficient information to admit or deny the allegations complained in this paragraph and therefore, said allegations are denied and Plaintiffs are left to their proofs.

11. The statement contained in paragraph 11 of Plaintiffs' Complaint does not set forth a claim of wrongful act or omission as against these Defendants. To the extent that any such allegation of wrongful act or omission could be construed or interpreted from this statement, same are specifically denied.

12. Denied.

13. It is denied that Aetna approved in any sense the services or the claims submitted for services as described in Plaintiffs' Complaint. By way of further answer, denied.

14. It is denied that Aetna approved in any sense the services or the claims submitted for services as described in Plaintiffs' Complaint. By way of further answer, denied.

15. With respect to the allegations of paragraph 15 of Plaintiffs' Complaint, it is admitted that the self-funded Group Health Benefit Plan of UPS provides exclusions from coverage for those services or supplies which are determined by Aetna to be not medical necessary and/or experimental or investigational. Except as so admitted, the

balance of the allegations of this paragraph are denied.

16. Denied.

17. Denied.

### FIRST COUNT

18. Defendants incorporate by reference all of the answers to all of the allegations of the first 17 paragraphs as if set forth at length herein.

19. Admitted.

20. With respect to the allegations in paragraph 20 of Plaintiffs' Complaint, it is admitted that UPS created a self-funded Group Health Benefit Plan for eligible employees and dependents for which Aetna Life Insurance Company provides claims administration according to the terms, limitations and conditions of that Plan. Except as soon admitted, the balance of the allegations of this paragraph are denied.

21. Denied.

22. Denied.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiffs' Complaint plus such other relief to which they are entitled as a matter of federal and state law.

### SECOND COUNT

23. Defendants incorporate by reference all of the answers to all of the allegations of the first 22 paragraphs as if set forth at length herein.

24. Admitted.

25. It is admitted that UPS created a self-funded Group Health Benefit Plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 for

eligible employees and dependents. Except as so admitted, the balance of the allegations of this paragraph are denied.

26. Denied.

27. Denied.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiffs' Complaint plus such other relief to which they are entitled as a matter of federal and state law.

### THIRD COUNT

28. Defendants incorporate by reference all of the answers to all of the allegations of the first 27 paragraphs as if set forth at length herein.

29. Denied.

30. It is denied that the Defendants ever confirmed coverage for the medical services described in Plaintiffs' Complaint or provided any promised pay. As to the balance of the allegations of this paragraph, same are denied.

31. It is denied that Defendants ever provided confirmation of coverage for the services described in Plaintiffs' Complaint and therefore, there were no confirmations to withdraw. By way of further answer, denied.

32. It is denied that Defendants provided any confirmation of coverage for the medical services described in Plaintiffs' Complaint. As to the balance of the allegations of this paragraph, denied.

33. Denied.

34. Denied.

35. Denied.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiffs' Complaint plus such other relief to which they are entitled as a matter of federal and state law.

### FOURTH COUNT

36. Defendants incorporate by reference all of the answers to all of the allegations of the first 35 paragraphs as if set forth at length herein.

37. It is denied that the Defendants provided any confirmation of coverage or payment for the services described in Plaintiffs' Complaint. By way of further answer, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiffs' Complaint plus such other relief to which they are entitled as a matter of federal and state law.

### FIFTH COUNT

42. Defendants incorporate by reference all of the answers to all of the allegations of the first 41 paragraphs as if set forth at length herein.

43. It is denied that the Defendants ever provided any confirmation of payment or coverage for services described in Plaintiffs' Complaint. By way of further answer, denied.

44. Denied.

45. Denied.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiffs' Complaint plus such other relief to which they are entitled as a matter of federal and state law.

## SIXTH COUNT

46. Defendants incorporate by reference all of the answers to all of the allegations of the first 45 paragraphs as if set forth at length herein.

47. The allegations of this paragraph do not appear to be appear to be directed toward this answering party and therefore, no answer is required. To the extent that any of the allegations of this paragraph can be construed as alleging a wrongful act or omission on the part of these Defendants, same is expressly denied.

**WHEREFORE,** Defendants demand judgment dismissing Plaintiffs' Complaint plus such other relief to which they are entitled as a matter of federal and state law.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint is barred by the applicable statute of limitations.

2. Plaintiffs' Complaint is barred by the statute of frauds.

3. Plaintiffs' Complaint is barred by the contractual limitations contained in the group master contract.

4. Plaintiff seeks benefits which are not covered benefits under the terms of the benefit plan.

5. Plaintiff has failed to exhaust mandatory administrative remedies.

6. Plaintiffs' Complaint is barred by the doctrine of set-off.

7. Plaintiffs' Complaint is barred by the entire controversy doctrine.

8. Plaintiffs' Complaint is barred by the provisions of the Employee Retirement Income Security Act.

9. Plaintiffs' claim is barred by § 502(a) and § 514(a) of ERISA 29 U.S.C. § 1132(a) and § 1144(a).

10. Plaintiffs' claim is barred by the express terms of the benefit plan.

11. This party breached no duty.

12. Plaintiffs' Complaint fails to state a claim upon which relief can be granted and this party reserves the right to move for dismissal on that basis.

13. The actions of Defendant were neither arbitrary nor capricious.

14. Any and all claims submitted to Defendant were processed pursuant to the terms, limitations and conditions of the group health benefit plan in which the Plaintiff assignor was enrolled at the time the services were provided.

15. The enumeration of specific affirmative defenses is not to be construed as exclusive or exhaustive and this party reserves the right to amend this pleading.

16. The Plaintiffs' assignor has not satisfied the patient's out-of-pocket responsibility as required under the group health benefit plan.

17. Plaintiffs' Complaint is barred by the timeliness provisions of the group contract.

18. Plaintiffs' Complaint is barred by the fact that administrative remedies provided in the group health benefit plan have not been exhausted

19. The relief sought in Plaintiffs' Complaint exceeds the benefit limits of the group benefit plan and there is nothing due and owing from this party.

20. The relief sought by Plaintiff seeks to supplant or enhance the benefits available under the group health benefit plan and is therefore barred.

21. Plaintiffs' Complaint is barred by the terms, limitations and conditions contained in the group health benefit plan.

22. The balance due, if any, represents Plaintiffs' patient's member responsibility.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Life Insurance Company and*
*United Parcel Services of America, Inc.*

Dated: June 28, 2012

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other actions pending in any other Court or pending arbitration proceeding and is not the subject of any other contemplated action or proceeding.

I further certify that there are no non-parties known or that should be joined in this matter.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Life Insurance Company and*
*United Parcel Services of America, Inc.*

Dated: June 28, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(3)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire
*Attorneys for Defendant*
*Aetna Life Insurance Company and*
*United Parcel Services of America, Inc.*

Dated: June 28, 2012

## CERTIFICATE OF SERVICE

I, Kimberly Whelan, of full age, hereby certify that the original of the within Amended Answer and Affirmative Defenses has been electronically filed with the Clerk, United States District Court for the District of New Jersey, and that a copy of the within pleading has been served this date, via e-mail and first-class mail, postage prepaid, upon:

>Andrew R. Bronsnick, Esquire
>MASSOOD & BRONSNICK, LLC
>50 Packanack Lake Road East
>Wayne, New Jersey 07470-6663
>*Attorneys for Plaintiffs*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Kimberly Whelan

Dated: June 28, 2012