UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MONTVALE HEALTH ASSOCIATES**, et. al. | : | Civil Action No. 12-3684 (DRD)(MAS) |
| Plaintiffs, | : | Hon. Dickinson R. Debevoise |
| v. | : | **SCHEDULING ORDER** |
| **UNITED PARCEL SERVICE OF AMERICA**, et. al. | : | |
| Defendants, | : | |

It is on this **3rd** day of **July**, **2012**;

**ORDERED THAT:**

(1) A scheduling conference be conducted before the undersigned at **11:30 A.M**. on **August 20, 2012**, in Courtroom 2C, Martin Luther King, Jr., Federal Building and Court House, 50 Walnut Street, Newark, New Jersey. See Local Civil Rule 16.1(a)(1).

(2) The lead attorney on the case must attend the conference in person and be prepared to discuss all aspects of the case including avenues of early resolution, and must have discussed settlement of the matter with the client.

(3) The early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, the parties shall immediately exchange the information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) without awaiting a discovery request.[1]

---

Certain categories of cases are exempt from early disclosure requirements. See Fed. R. Civ. P. 26(a)(1)(f).

(4) At least fourteen (14) days prior to the conference scheduled herein, the parties shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned no later than one week prior to the conference with the Court.  The parties are directed to Local Civil Rule 26.1(b)(2), which describes the matters to be discussed when they confer and  the content of the discovery plan. **THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.**

(5) Unless the parties stipulate otherwise,  the case management order will limit the number of interrogatories (25) and depositions (10) which each party may seek.  See Fed. R. Civ. P. 26(b), 26(d).

(6) At the conference with the Court, all parties who are not appearing pro se shall be represented by counsel who shall have full authority to bind their clients in all pretrial matters.  Local Civil Rule 16.1(a)(3).

(7) Plaintiff(s) shall notify any party who hereafter enters an appearance of the conference scheduled herein and forward to that party a copy hereof.

(8) The parties shall advise the undersigned immediately if this action has been settled or terminated so that the conference scheduled herein may be cancelled.

(9) The parties are directed to Local Civil Rule 26.1(d), which addresses "discovery of digital information including computer-based information," describes the obligations of counsel with regard to their clients' information management systems, and directs parties to "confer and attempt to agree on computer-based and other digital discovery matters."

(10) The Court has implemented an electronic case filing system for all documents filed with the Clerk of Court.  Documents not filed electronically, but rather filed in the traditional manner on paper must be accompanied by a disc or cd containing the document in

PDF format.  Orders will be electronically filed.  Paper copies will be provided to pro se litigants and counsel who are not registered to file electronically.  Registered counsel will be notified via email when an order is filed but are responsible for retrieving and reviewing the contents.

     (11) To register as an electronic filer, obtain on-line training, and see policies and procedures, contact the Clerk's Office or visit the website at pacer.njd.uscourts.gov.  On-site training is also available and can be arranged by contacting 973-645-4439.

     (12) The Court has various audio/visual and automated evidence presentation equipment available to the Bar for use at no cost.  This equipment includes an evidence presentation system, which consists of a document camera and a projector.  The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies and small objects.  For further information, please contact the Clerk's Office.

     (13) Failure to comply with the terms hereof may result in the imposition of sanctions.

                                      s/Michael A. Shipp  
                                      MICHAEL A. SHIPP  
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
: Civil Action No.
:
Plaintiff(s)    :    Hon.
:
:
v.    :    **DISCOVERY PLAN**
:
:
:
Defendant(s)    :
:
_____:

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   _____

   _____

   _____

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

   _____

   _____

   _____

3. Has this action been: Settled: _____ Discontinued: _____

   If so, has there been a Stipulation/Dismissal filed?

   Yes _____ No _____

4. Have settlement discussions taken place?  Yes _____ No _____

If so, when? _____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $ _____
        (2)    Non-monetary demand: _____

    (b)    What was defendant's last offer?

        (1)    Monetary offer:  $ _____
        (2)    Non-monetary offer: _____

5.    The parties [have _____ have not _____ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

_____

_____

_____

6.    Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

_____

_____

_____

7.    The parties [have _____ have not _____] conducted discovery other than the above disclosures.  If so, describe.

_____

_____

_____

8.    The parties [have _____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

_____

_____

_____

    (a)    If not, state the reason therefor.

_____

_____

_____

    (b)    If so, state the date of the meeting and the persons in attendance.

_____

_____

_____

9.    The following [is _____ is not _____] a proposed joint discovery plan.

    (a)    Discovery is needed on the following subjects:

_____

_____

_____

    (b)    Discovery [should _____ should not _____] be conducted in phases or be limited to particular issues.  Explain.

_____

_____

_____

    (c)    Maximum of _____ Interrogatories by each party to each other party.

    (d)    Maximum of _____ depositions to be taken by each party.

    (e)    Affirmative expert report due on _____.

    (f)    Responsive expert report due on _____.

    (g)    Motions to amend or to add parties to be filed by _____.

    (h)    Dispositive motions to be served within _____ days of completion of discovery.

    (i)    Factual discovery to be completed by _____.

    (j)    Expert discovery to be completed by _____.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

_____

_____

_____

    (l)    A pretrial conference may take place on _____.

    (m)    Trial date: _____ (_____Jury Trial; _____ Non-Jury Trial).

10.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes _____ No _____.

    If so, please explain.

_____

_____

_____

11.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No _____.

    If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

_____

_____

_____

12. Do you anticipate any other discovery problem(s) not listed above?
    Yes _____ No _____.

    If so, explain.

    _____

    _____

    _____

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    _____

    _____

    _____

14. Is this case appropriate for bifurcation? Yes _____ No _____

15. An interim status/settlement conference (with clients in attendance), should be held in

    _____.

16. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

_____
Attorney(s) for Plaintiff(s)


_____
Attorney(s) for Defendant(s)